

U. S. DEPARTMENT OF JUSTICE

Randolph J. Bernard
United States Attorney
Northern District of West Virginia

United States Courthouse
1125 Chapline Street, Suite 3000   Phone: (304) 234-0100
P. O. Box 591                      FAX:   (304) 234-0111
Wheeling, WV 26003

October 19, 2021

**VIA E-MAIL DELIVERY**

Shaffer Madia Law
343 W. Main Street
Clarksburg, WV 26301
joe@shaffermadialaw.com

FILED
NOV 16 2021
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

In re:   *United States v. Randy Dean McKinley*
         Criminal No.: 1:21CR59

Dear Mr. Shaffer:

Oct. 19, 2021

The United States extends the following offer to your client, Randy McKinley, (hereinafter referred to as "Defendant"). This offer will expire on ~~September 15~~ Oct. 19, 2021, at ~~5:00~~ p.m., unless a written acceptance is received by the United States Attorney's Office before then. All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1.      Defendant will waive the right to have this case presented to a Grand Jury and plead guilty to a One-Count Information charging him with Possession of Child Pornography involving a pre-pubescent minor and minor who had not attained the age of 12, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252(A)(b)(2).

2.      The maximum penalty to which Defendant will be exposed as a result of his plea of guilty to Count One of the Information is imprisonment for a period of not ~~less~~ more than twenty (20) years, a fine of $250,000.00, and a term of five (5) years to a lifetime of supervised release.

_____       10.19.21
Randy McKinley                  Date
Defendant

_____       10/19/21
Counsel for Defendant            Date

Page 1 of 7

It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction **which must be paid within 40 days following entry of his plea** by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

3. Defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. A. Nothing contained in any statement or any testimony given by Defendant, pursuant to paragraph 3, will be used against her as the basis for any subsequent prosecution. It is understood that any information obtained from Defendant in compliance with the cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

B. The agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

C. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This Agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is **not** bound by these sentence recommendations, and that Defendant has **no** right to withdraw his guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

_____
Randy McKinley
Defendant

_____
Counsel for Defendant

10-19-21
Date

10/19/21
Date

7. The United States will make the following **nonbinding** recommendations:

   A. If, in the opinion of the United States Attorney's Office, Defendant accepts responsibility and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, then the United States will concur in and make such recommendation;

   B. Should Defendant give timely and complete information about his own criminal involvement and provide timely notice of his intent to plead guilty, thereby permitting the United States to avoid trial preparation **and if he complies with all the requirements of this agreement, and if the Defendant is eligible under the "Guidelines,"** then United States will recommend an additional one level reduction, so long as Defendant executes the plea agreement on or before ~~September 15, 2021~~ Oct. 19, 2021, and returns an executed copy to the United States by that day;

   C. The United States will recommend that any sentence of incarceration imposed should be at the lowest end of the guideline range.

8. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

9. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the defendant's Guideline Level before acceptance of responsibility is Level 29 as calculated:

| | | |
|---|---|---|
| § 2G2.2(a)(1) | Base Offense Level | 18 |
| § 2G2.2(b)(6) | Involvement of Use of Computer | + 2 |
| § 2G2.2(b)(2) | pre-pubescent minor < age 12 | + 2 |
| §2G2.2(b)(7)(D) | > 600 images | + 5 |
| §2G2.2(b)(3)(F) | Distribution | + 2 |
| | | = 29 |

10. Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

   A. Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's

_____
Randy McKinley
Defendant

_____
Counsel for Defendant

Date  10-19-21

Date  10/19/21

conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s); and

B. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release); and

C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

11. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offenses charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

12. Defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, Defendant agrees to provide all requested financial information to the United States and the United States Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the United States Attorney's Office. Defendant also authorizes the Financial Litigation Unit in the United States Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes.

_____  _____10-19-21_____
Randy McKinley             Date
Defendant

_____  _____10/19/21_____
Counsel for Defendant       Date

Defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the United States Attorney's Office. Defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If Defendant is sentenced to a period of incarceration, Defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, Defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of Defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, Defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. Defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

13. The defendant understands that he may be required to pay restitution to any or all of the victims related to the count of the Information in an amount to be determined by the Court at sentencing, or at a separate hearing on the issue of restitution within ninety (90) days of sentencing, pursuant to 18 U.S.C. §§ 3663 & 3663A. The defendant further understands that he will be required by the Court to pay restitution in the amount of at least $3,000 to any victim associated with any charged count who is identified, and who specifically requests restitution prior to sentencing, and who can show proof of losses. 18 U.S.C. §2259(b)(2)(B) [Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018]. The defendant agrees to pay such restitution to any such victim regardless of whether or not he pleads guilty to the count with which the victim is associated.

14. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture) and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

_____  _10·19·21_
Randy McKinley                    Date
Defendant

_____  _10/19/21_
Counsel for Defendant              Date

16. Defendant understands that the forfeiture of property will be part of the sentence imposed in this case and stipulates to the existence of the requisite forfeiture nexus between the offense conduct underlying this Agreement and the following specified property, which is property used or intended for use to commit or to promote the commission of the offense of conviction: one HP laptop black S/N PD97265NG; one Dell Inspiron 15 laptop S/N 36563794418; and one iPad.

Defendant hereby waives all interest in any property subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. By signing this agreement, Defendant hereby withdraws any claim he may have filed in any administrative forfeiture action and agrees to the entry of a Declaration of Forfeiture. Defendant also agrees to consent to the entry of orders of forfeiture of the United States currency and firearms listed in the foregoing paragraph. Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, the announcement of the forfeiture at sentencing, and the incorporation of the forfeiture in the judgment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

Defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant further waives any failure by the Court to advise Defendant of the applicable forfeiture at the time the guilty pleas are accepted as required by Rule 11(b)(1)(J).

17. The defendant has been advised and understands that he will be required to register as a sex offender under the Sex Offender Registration and Notification Act, a federal law, and keep such registration current in each of the following jurisdictions: the location of the defendant's residence; the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, address of residence, and the names and addresses of any places where the defendant will be employed or a student. The defendant further understands that he must update his registrations within three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects him to prosecution for Failure to Register [18 U.S.C. §2250], a federal felony offense.

_____
Randy McKinley
Defendant

_____
Counsel for Defendant

_____10-19-21_____
Date

_____10/9/21_____
Date

18. The above seventeen (17) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM J. IHLENFELD
~~RANDOLPH J. BERNARD~~
~~Acting~~ United States Attorney

By: *Danae DeMasi-Lemon*
Danae DeMasi-Lemon
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Randy McKinley
Defendant

_____
Counsel for Defendant

10-18-21
Date

10/19/21
Date