IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                              CRIMINAL NO. 1:21-CR-59
                                        (KLEEH)

RANDY DEAN MCKINLEY,

        Defendant.

MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]

Pending before the Court is Defendant's pro se motion for compassionate release [ECF No. 74]. For the reasons discussed below, the motion is **DENIED**.

## I.    BACKGROUND

On November 16, 2021, Defendant Randy Dean McKinley ("Defendant") pleaded guilty to a one-count Information charging him with Possession of Child Pornography, which involved a pre-pubescent minor and a minor who had not attained 12 years of age, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). See ECF No. 14. On April 11, 2022, the Court sentenced him to a period of incarceration of 168 months, to be followed by a lifetime of supervised release. See ECF No. 24. On March 30, 2026, Defendant filed a pro se motion for compassionate release. See ECF No. 74. The motion is fully briefed and ripe for review. See ECF Nos. 77, 79. Defendant is currently incarcerated at FCI Loretto with a

**USA V. MCKINLEY**                                                      **1:21-CR-59**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]

projected release date of March 15, 2034.[1]

### II.  DISCUSSION

The district court is authorized to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  Upon receiving a motion for compassionate release, the district court

> may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Id.

Prior to the First Step Act of 2018 (the "First Step Act"), "district courts could only reduce a term of imprisonment under § 3582(c)(1)(A) 'upon motion of the Director of the Bureau of Prisons.'"  United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A) (2002)).  In the First Step Act, Congress allowed federal inmates to file motions for compassionate release directly with the district court after they have exhausted their administrative remedies.  See Pub. L. No. 115–391, § 603(b), 132 Stat. 5194, 5239 (2018).

---

[1] See https://www.bop.gov/inmateloc/ (last visited June 25, 2026).

USA V. MCKINLEY                                          1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

A defendant filing a motion for compassionate release must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must be a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  The exhaustion requirement is non-jurisdictional "and thus waived if it is not timely raised."  United States v. Muhammad, 16 F.4th 126, 129-30 (4th Cir. 2021) (citation omitted) (finding the district court in error by sua sponte dismissing a motion for compassionate release based on the threshold requirement).[2]

In assessing a motion for compassionate release, the Court undertakes a two-step analysis.  "First, the court must determine that the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." United States v. Centeno-Morales, 90 F.4th 274, 279 (4th Cir. 2024) (citing United States v. Hargrove, 30 F.4th 189, 194-95 (4th Cir. 2022)).  Then, if an extraordinary and compelling reason exists, the Court evaluates the relevant factors under 18 U.S.C. § 3553(a). See Centeno-Morales, 90 F.4th at 279.

---

[2] The Government is not challenging exhaustion here.

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

### A.   Extraordinary and Compelling Reasons

In 2023, the United States Sentencing Commission amended its policy statement to apply to defendant-filed motions and expanded the list of circumstances sufficient to support such a motion. See U.S.S.G. § 1B1.13.   Most relevant here, the enumerated extraordinary and compelling reasons set forth in the Guidelines include "[t]he incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse[.]"   See id. § 1B1.13(b)(3)(B).   They also include the following circumstances relating to a defendant's medical condition:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> (i) suffering from a serious physical or medical condition,
>
> (ii) suffering from a serious functional or cognitive impairment, or
>
> (iii) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

> environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances—>
>
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

Id. § 1B1.13(b)(1). The Guidelines also provide that extraordinary and compelling circumstances may exist for certain "other reasons":

> The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

USA V. MCKINLEY                                                          1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

See id. § 1B1.13(b)(5).

Here, Defendant argues that two extraordinary and compelling reasons support a sentence reduction: (1) he is the only available caregiver for his wife, who is experiencing health issues, and (2) he is experiencing his own health issues.  As discussed below, he has not met his burden with respect to either argument.

### 1.    Sole Caregiver for Wife

The Court will first address Defendant's argument that he is the only available caregiver for his wife.  Defendant asserts that his wife is 71 years old with a "number of incapacitating health issues," including "a history of heart problems such as TIA due to A-fib, type 2 diabetic with A1C issues and several different types of insulin shots, extreme fall risk, and multiple injuries as a result of falling while living alone, depression, thyroid issues, gallbladder problems, and a survivor of ovarian cancer but at risk for other cancers."  Motion, ECF No. 74, at 3.  He states that her siblings died from heart attacks before age 60.  Id.  He also states that his wife has no children and no immediate family that can care for her.  Id.  Defendant asserts that his wife's health issues interfere with her ability to complete daily tasks.  Id. at 4.  He represents that she is currently paying people to complete tasks for her, but she is experiencing financial hardship.  Id. In response, the Government argues that Defendant provides no

6

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

medical records or proof with respect to his wife's medical issues, and Defendant, therefore, has not met his burden.  The Court agrees with the Government.

"While it is true that family caretaking obligations may justify compassionate relief in certain circumstances, . . . the defendant must generally provide concrete evidence that he is the 'only caregiver available[.]'" United States v. Spears, No. 06-CR-340, 2025 WL 66014, at 4 (E.D. Ny. Jan. 20, 2025) (citations omitted).  Conclusory assertions that the defendant must now serve as the primary caretaker for a family member are insufficient. See United States v. Newman, No. CR 122-031, 2024 WL 812041, at *2 (S.D. Ga. Feb. 27, 2024) (citing "conclusory statements" that were "insufficient to carry his burden of persuasion"); see also United States v. Espina, No. 4:19-CR-228, 2025 WL 1688342, at *5 (E.D. Tex. June 16, 2025) (same).  If a defendant argues that he is the sole caretaker available for his wife, he "has the evidentiary burden, . . . and his failure to attach any medical evidence or opinions (or similarly competent evidence) leaves the Court unable to make the necessary factual findings[.]"  United States v. Romano, No. 22-cr-12, 2023 WL 8735203 (E.D.N.Y. Dec. 19, 2023); see also United States v. Isaac, No. 7:17-CR-6-KKC-EBA-1, 2024 WL 4376275, at *2 (E.D. Ky. Oct. 2, 2024) (finding that the defendant did not meet his evidentiary burden to show the unavailability of

**USA V. MCKINLEY**                                                      **1:21-CR-59**

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

alternative caretakers for his daughter).  Here, Defendant merely makes conclusory statements about his wife's medical conditions and the fact that he is the sole available caretaker, and has not met his evidentiary burden.  Accordingly, he has not established extraordinary and compelling reasons warranting release.

### 2.   Defendant's Medical Circumstances

The Court will next address Defendant's medical circumstances.  Defendant states that he is 61 years old, has high blood pressure, and is experiencing "FLU/COVID like symptoms," which are "increasing his risk of suffering severe medical complications."  He states that his high blood pressure is causing his vision to deteriorate and could potentially lead to blindness.  Defendant argues that the prison is understaffed and lacks resources to address his concerns.

The Government argues that the records submitted by Defendant do not show that he was denied any treatment, and Defendant's medical conditions do not rise to the level of extraordinary and compelling.  The Court agrees with the Government.  Defendant is not suffering from a terminal illness.  The cited conditions — high blood pressure and COVID/flu symptoms — do not constitute a "serious physical or medical condition," a "serious functional or cognitive impairment," or deterioration of "physical or mental health because of the aging process" that "substantially

USA V. MCKINLEY                                              1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

diminishes" his ability to "provide self care" and "from which he . . . is not expected to recover." He does not require long-term or specialized medical care that is not being provided. Moreover, he is not housed as a facility with imminent risk of being affected by an infectious disease outbreak or a public health emergency. After considering Defendant's cited medical conditions, the Court finds that they do not rise to the level of extraordinary and compelling.

**B.    Factors Under 18 U.S.C. § 3553(a)**

Even if Defendant had established that extraordinary and compelling reasons supported his release, the factors under 18 U.S.C. § 3553(a) necessitate against his release. The factors include, among others, the "nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with . . . medical care, or other correctional treatment in the most effective manner."

USA V. MCKINLEY                                                    1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

18 U.S.C. § 3553(a).   This Court has "broad discretion" in evaluating the section 3553(a) factors when ruling on a motion for compassionate release.  United States v. Bethea, 54 F.4th 826, 834 (4th Cir. 2022).

Here, Defendant states that he is remorseful and regretful of his actions, and he does not dispute the seriousness of the offense he committed.  He argues that he lived a law-abiding life prior to his offense.  For 15 years, he worked as a middle school math teacher.  He has taken steps to rehabilitate his mental health and has participated in numerous prison programs.  He has also helped other inmates pass their GED exams.  Defendant cites his "solid" release plan to life at home with his wife of 23 years.  He argues that he has great respect for law enforcement and the law, and he has been deterred from future criminal conduct.  He asserts that there is no further need to protect the public from him.  Defendant argues that his probation officer will be able to assess his needs and assist him with medical care and treatment.  The Government objects, relying heavily on the offense conduct in this case, and argues that the section 3553(a) factors do not weigh in favor of his release.  The Court agrees with the Government.

At the time when Defendant committed the offense conduct in this case, he had been working as a public school teacher.  PSR, ECF No. 22, at ¶ 30.  Law enforcement, working from a tip, searched

USA V. MCKINLEY                                           1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

Defendant's residence and seized an iPad.  Id. ¶ 18.  A search of the iPad demonstrated that Defendant communicated with unknown individuals about child pornography.  Id. ¶ 20.  At one point, Defendant wrote about wanting "to be a kindergarten teacher so he could see students in their panties."  Id. ¶ 21.  Defendant used Facebook to trade child erotica and talk about sex acts that he would perform on children.  Id. ¶ 22.  He used his Facebook account to send or receive 105 videos of child pornography, some of which involved two- to six-year-old females and prepubescent males.  Id. ¶ 27.  He also used fake Facebook accounts to distribute or receive over 3,205 video files and 4,204 data images containing child erotica, sexual acts involving minors, and videos of bestiality.  Id. ¶ 36.

Although Defendant now claims that he will never commit a criminal act again, at the time of sentencing, Defendant asserted that he had only been involved in exchanging child pornography through social media for five years and that any chat he engaged in regarding "bestiality, incest, raping girls, and 'slutting' young girls" was fantasy talk.  Id. ¶ 81.  He also indicated then that he knew what he was doing was wrong.  Id.  During the sentencing hearing, the Court emphasized, and it emphasizes again herein, the disturbing nature of Defendant's behavior:

It's terrifying to me that you worked as a

11

USA V. MCKINLEY                                                    1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

---

> teacher, sir.  I'm going to be honest with you.  I understand you've been in treatment and seeking counseling.  I can't do anything other than acknowledge that.  It is terrifying to me, in reviewing the facts and circumstances surrounding your offense conduct as detailed in the presentence report. I lack the vocabulary to appropriately describe what you've done.  To consider it abhorrent, repugnant, and despicable is an understatement to the victims in this case and the danger you present to our community and those kids to whom you were exposed for all those years.

Transcript, ECF No. 36, at 15:6–16.  Defendant has served approximately 50 months of a 168-month sentence.  The Court continues to believe that every bit of the 168-month sentence is appropriate under section 3553(a).  Considering all of the section 3553(a) factors together, the motion for release must be denied. The offense conduct is horrific.  Defendant's personal history and characteristics — which include his being a public school teacher for over 14 years — also weigh against release.  The Court is not convinced that Defendant is rehabilitated.  The 168-month sentence remains necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide deterrence to Defendant and others, and protect the public.

### III. CONCLUSION

For the reasons discussed, the pro se motion for compassionate release is **DENIED** [ECF No. 74].

USA V. MCKINLEY                                                    1:21-CR-59

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR COMPASSIONATE RELEASE [ECF NO. 74]**

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum

Opinion and Order to counsel of record by email and to Defendant

by certified mail, return receipt requested.

DATED: June 26, 2026

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA